1

2

3                        UNITED STATES DISTRICT COURT

4                       NORTHERN DISTRICT OF CALIFORNIA

5

6    PAUL C. BOLIN, E88100,                    Case No. 23-cv-00550-CRB  (PR)

7                    Plaintiff,                **ORDER OF DISMISSAL**

8         v.                                   (ECF No. 8)

9    MOLLY C. DWYER, et al.,

10                   Defendant(s).

11          On February 9, 2023, the court denied plaintiff's application to proceed in forma pauperis

12   (IFP) in connection with this pro se prisoner action under 42 U.S.C. § 1983 alleging wrongdoing

13   by the clerk and a deputy clerk of the Ninth Circuit in connection with plaintiff's unsuccessful

14   appeal of the denial of his federal habeas petition challenging his 1991 conviction and death

15   sentence from Kern County Superior Court because plaintiff: (1) has had three or more prior

16   prisoner actions dismissed by a federal court on the grounds that they are frivolous, malicious or

17   fail to state a claim upon which relief may be granted, and (2) is not seeking relief from a danger

18   of serious physical injury which was imminent at the time of filing.  Feb. 9, 2023 Order (ECF No.

19   7) at 1-2 (applying 28 U.S.C. § 1915(g)).  Under the law of the circuit, the court afforded plaintiff

20   28 days to show cause why § 1915(g) does not bar IFP status for him or pay the requisite $ 402.00

21   filing fee.  The court made clear that failure to show cause or pay the requisite $ 402.00 filing fee

22   within the designated time would result in the dismissal of this action without prejudice to brining

23   it in a new paid complaint.  Id. at 2.

24          Plaintiff subsequently filed another application to proceed IFP (ECF No. 8) and a response

25   (ECF No. 9) to the court's February 9, 2023 order arguing that: (1) he was placed in "grave danger

26   of loss of life by wrongful execution" by defendants' refusal to file and permit a judicial hearing

27   on his pro se motion for substitution of counsel in his federal appeal, and (2) 28 U.S.C. § 1915(g)

28   is "unconstitutional," ECF No. 9 at 2-5.  Plaintiff's arguments are without merit.

United States District Court
Northern District of California

United States District Court
Northern District of California

The imminent danger exception to § 1915(g) "requires a nexus between the alleged imminent danger and a prisoner's complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022). A court reviewing a proposed imminent danger exception must consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. Id. at 701. "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." Id.

Plaintiff's assertion that defendants' refusal to file and permit a judicial hearing on his pro se motion for substitution of counsel in his federal habeas appeal caused him to lose the appeal and thereby placed him in imminent danger of execution does not qualify for the § 1915(g) imminent danger exception. The record in plaintiff's federal appeal in the Ninth Circuit makes clear that the three-judge panel assigned plaintiff's appeal repeatedly considered and rejected plaintiff's pro se motions for substitution of counsel. In its September 15, 2021 published opinion affirming the district court's denial of plaintiff's petition for a writ of habeas corpus under 28 U.S.C. § 2254, the court concluded:

> Lastly, we address Bolin's request for new counsel. On two earlier occasions, Bolin filed pro se requests for alternative counsel, and both times we ordered his appointed counsel to respond. Both times, we concluded that his counsel's response was satisfactory under Martel v. Clair, 565 U.S. 648, 132 S. Ct. 1276, 182 L.Ed.2d 135 (2012). Thus, we denied Bolin's requests.
>
> Since then, Bolin has filed several additional pro se motions requesting alternative counsel and related relief. We have carefully reviewed those filings as well. We deny Bolin's latest requests. Although Bolin has not prevailed in this appeal, his appointed counsel ably discharged their duties in representing him before this Court.

Bolin v. Davis, 13 F.4th 797, 822 (9th Cir. 2021). Undeterred, plaintiff filed subsequent pro se motions with the Ninth Circuit which the court denied in an unpublished order filed on March 1, 2022:

> Appellant's motion requesting (1) reconsideration of this Court's prior orders denying his request for alternative counsel, (2) termination of counsel, and (3) the opportunity to appear personally to testify and argue for the termination, Dkt. No.119, is DENIED. We reject Appellant's other assignments of claimed error.

2

1    Bolin v. Davis, No. 16-99009, slip op. at 1 (9th Cir. Mar. 1, 2022) (order).  The court added,

2         Because Appellant is represented by counsel, only counsel may
          submit filings.  The clerk is directed to serve a copy of this Order on
3         Appellant at his prison address.

4    Id.  If defendants declined to file yet more of his pro se motions for substitution of counsel and the

5    like, it was pursuant to the court's order rather than their allegedly own unlawful actions.

6         Petitioner does not qualify for the § 1915(g) imminent danger exception because the

7    "imminent danger of serious physical injury" he alleges – execution pursuant to state court

8    judgment because defendants' refusal to file and permit a judicial hearing on his pro se motion for

9    substitution of counsel in his federal habeas appeal caused him to lose the appeal – is neither

10   "fairly traceable to unlawful conduct alleged in his complaint" nor "redressable by [this] court."

11   Ray, 31 F.4th at 701.  Defendants' refusal to file more of plaintiff's pro se motions for substitution

12   of counsel was pursuant to a court order rather than their own unlawful conduct, and the Ninth

13   Circuit's rejection of plaintiff's federal habeas appeal is not redressable by this court.

14        Plaintiff assertion that 28 U.S.C. § 1915(g) is unconstitutional also is without merit.  It is

15   well established by now that § 1915(g) does not violate prisoners' Fifth Amendment rights to due

16   process and equal protection because there is a rational basis for the rule – a rule which does not

17   infringe upon prisoners' fundamental rights or discriminate against a suspect class.  See Rodriguez

18   v. Cook, 169 F.3d 1176, 1180-81 (9th Cir. 1999).  Nor does § 1915(g) violate the Constitution's

19   Ex Post Facto Clause or run afoul of the separation of powers doctrine.  See id. at 1181-82.

20        Because plaintiff has three or more strikes and does not qualify for the imminent danger

21   exception, § 1915(g) bars him from proceeding IFP in this action.  Accordingly, plaintiff's

22   renewed application for leave to proceed IFP (ECF No. 8) is DENIED, and this action is

23   DISMISSED without prejudice to bringing it in a new paid complaint.  The clerk is instructed to

24   close the file and terminate the motion appearing on ECF as item number 8.

25        **IT IS SO ORDERED**.

26   Dated:  March 15, 2023

27   _____
     CHARLES R. BREYER
28   United States District Judge

United States District Court
Northern District of California

3